TYSON, Judge.
On 17 November 1997, Alvie Lee Furr ("defendant") was indicted on charges of first degree statutory rape, taking indecent liberties with a child and first-degree statutory sexual offense. A jury convicted defendant on all charges. Defendant's petition for writ of certiorari was granted on 13 November 2003. We find no error.
I. Background
The State's evidence tended to show that the victim was ten years old at the time of the trial and eight years old at the time of the events alleged in the indictment. Defendant was the boyfriend of the victim's mother. The victim testified that on a Sunday after her grandmother's birthday party, the defendant askedher to help him fold some clothes. Her mother was asleep on the couch. The victim went into her mother's bedroom with defendant. He told her to lie on the bed. The victim testified that defendant kissed her with his tongue, told her it was called "French Kissing," and licked her between her legs. Defendant threatened to beat her if she told anybody. The victim also testified that on another occasion, defendant showed her a movie in which there were naked people lying on top of each other and a man in the movie licked another woman "on the boobies."
The victim initially denied that anything further had happened, but later testified that defendant put his penis inside her between her legs on another occasion and that it hurt. The victim also testified that defendant had made her lick his penis at another time and that he ejaculated.
Dr. Elaine Coats ("Dr. Coats"), a pediatrician with Stanly Medical Services, testified as an expert in pediatric medicine. Dr. Coats testified that the victim suffered "a tear in the vaginal orifice that was now healed;" that she could state to a reasonable medical certainty that the victim's vagina had been penetrated; and that her findings were consistent with what the victim had told her had happened: that defendant had engaged in sexual intercourse with her.
On 26 March 1998, defendant was convicted of first-degree rape, taking indecent liberties with a child, and first-degree sexual offense. Defendant was sentenced to a term of 336 to 413 months imprisonment for the rape conviction, a concurrent term oftwenty-one to twenty-six months imprisonment for taking indecent liberties, and a concurrent term of 336 to 413 months imprisonment for the charge of first-degree sexual offense. This Court granted defendant's petition for writ of certiorari to review the judgments on 13 November 2003.
II. Issues
Defendant argues that the trial court erred by allowing Dr. Coats to testify that a penetration of the victim's vagina had occurred.
III. Relevant Evidence
Defendant contends that Dr. Coats's testimony was irrelevant and more prejudicial than probative. Relevant evidence has been defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2004). This Court has stated:
As a general rule, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The exclusion of evidence under this rule "is within the trial court's sound discretion . . . . Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision."
State v. Reaves, 132 N.C. App. 615, 618-19, 513 S.E.2d 562, 564-65 (citations omitted), disc. rev. denied, 350 N.C. 846, 539 S.E.2d 4(1999). Here, defendant was charged with first-degree rape pursuant to N.C. Gen. Stat. § 14-27.2(a)(1). One of the essential elements of the offense to be proved by the State was that defendant engaged in sexual intercourse with the victim. Dr. Coats's testimony that the victim's vagina was penetrated and torn was relevant and probative of the issue of whether defendant engaged in vaginal intercourse with the victim. This assignment of error is overruled.
IV. Conclusion
Defendant has failed to show the trial court abused its discretion in allowing Dr. Coats's testimony into evidence. We find no error in the trial court's judgment.
No error.
Judges WYNN and GEER concur.
Report per Rule 30(e).